Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 355 | **DATE** | 1/30/2012 |
| **CASE TITLE** | Central States, Southeast Southwest Areas Pension Fund et al. vs. Messina Trucking, Inc. et al. | | |

**DOCKET ENTRY TEXT**

For the reasons below, Defendants' motion to alter or amend the judgment [78] is denied.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Before the Court is Defendants Messina Products, Messina Trucking, Inc., Utica Equipment Co., and Auburn Supply Company, Inc.'s (collectively, "Messina Products") motion [78] to alter or amend the Court's November 1, 2011 Judgment. The November 1 Judgment was based on the September 27, 2011 Opinion [63] granting Plaintiff Central States, Southeast and Southwest Areas Pension Fund's motion for summary judgment [40] and finding Defendants liable for withdrawal liability under 29 U.S.C. § 1301(b)(1) of the Multiemployer Pension Plan Amendments Act. Following the issuance of the summary judgment opinion, the Court set the case for status "to discuss with the parties whether entry of final judgment is appropriate at this time" and, if so, what form the judgment order should take. After the status, the parties jointly submitted a proposed judgment order, which the Court entered on October 28, 2011. Defendants now ask the Court to amend the judgment because it contends the Court mistakenly attributed activities to Defendant Messina Products. The Court respectfully disagrees.

A court may alter or amend a judgment under Federal Rule of Civil Procedure 59(e) when the movant "clearly establish[es]" that "there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). In regard to the "manifest error" prong, the Seventh Circuit has elaborated that a motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). Because the standards for reconsideration are exacting, our court of appeals has stressed that issues appropriate for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191.

| STATEMENT |
|---|

Here, Defendants argue that the Court mistakenly attributed activities to Messina Products that were actually the activities of a previously dismissed Defendant, Messina Product Operations, LLC. Specifically, Defendants argue that the Court erroneously attributed the ownership of certain real property and rental activities to Messina Products, that should be attributed to Messina Product Operations, LLC. But, as Plaintiff notes, in the Court's September 27 Opinion, it was clear that determining which company owned the land was "inconsequential to the outcome" of whether Messina Products was a trade or business. The Opinion laid out the facts that the Court considered: (1) Messina Product's status as a limited liability company; (2) its operating agreement; (3) its tax return and employee identification number; and (4) its employees. Taking into account the undisputed evidence concerning those factors, the Court concluded that the evidence "suffices to establish that Messina Products was 'engaged in regular and continuous activity with the primary purpose of generating income or profit.'"

In reaching its decision, the Court relied on *McDougall v. Pioneer Ranch, L.P*., 494 F.3d 571 (7th Cir. 2007), and *Central States, Southeast and Southwest Areas Pension Fund v. SCOFBP, LLC*, 738 F. Supp. 2d 840 (N.D. Ill. 2010), recognizing that the undisputed facts in this case were very similar to the facts in those cases. After Defendants filed their motion to amend or alter the judgment, the Seventh Circuit issued an opinion in *Central States, Southeast and Southwest Areas Pension Fund v. SCOFB,* 2011 WL 6762860 (7th Cir. Dec. 27, 2011). In affirming the district court's decision in that case, the Seventh Circuit agreed with the factors that the district court relied on in making its determination (*id*. *3-5)—most of which are identical to the factors considered by this Court in rendering its decision in this case.

Because (1) the issue that Defendants now contend was a mistake in the Court's September 27 Opinion was not a consideration in the Court's decision, and (2) the Seventh Circuit has since affirmed SCOFB, the principal case on which this Court relied in reaching its decision that Messina Products was liable for withdrawal liability, Defendants' have failed to establish that the Court committed a manifest error in law or fact. Defendants' motion [78] therefore is denied.